Manatt, Phelps & Phillips, LLP
ROBERT D. BECKER (SBN 160648)
E-mail: Rbecker@manatt.com
KATHRYN B. BARTOW (SBN 215414)
E-mail: KBartow@manatt.com
BENJAMIN KLEINMAN (SBN 261846)
E-mail: BKleinman@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Attorneys for Plaintiff
D & D TECHNOLOGIES (USA), INC.

Lee Tran & Liang, APLC
ENOCH H. LIANG (SBN 212324)
E-mail: ehl@ltlcounsel.com
EDWARD S. QUON (SBN 214197)
E-mail: eq@ltlcounsel.com
601 S. Figueroa Street, Suite 4025
Los Angeles, California 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773

Attorneys for Defendant
SAFETECH HARDWARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| D & D TECHNOLOGIES (USA), INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAFETECH HARDWARE INC., a California corporation,<br><br>Defendant. | No. SACV 11-1154- JST (RNBx)<br><br>JOINT RULE 26(f) REPORT<br><br>Scheduling Conference:<br>December 5, 2011 at 1:30 PM<br>Courtroom 10-A<br><br>Honorable Josephine Staton Tucker |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

JOINT RULE 26(f) REPORT
11-CV-1154 JST (RNBx)

Pursuant to Fed. R. Civ. P. 26(f), L.R. 26-1, C.D. Cal. L.R. 26-1, this Court's Initial Standing Order (Dkt. No. 4) and this Court's September 20, 2011, Order Setting Scheduling Conference (Dkt. No. 9), Plaintiff D & D Technologies (USA), Inc. ("D&D") and Defendant Safetech Hardware Inc. ("Safetech") submit this Joint Report.

### A.   Statement Of The Case

D&D is the exclusive licensee, with the right to file and prosecute suits for infringement, of U.S. Patent D614,935 ("the '935 patent"), entitled "Self Closing Hinge", which was duly and properly issued by the U.S. Patent & Trademark Office on or about May 4, 2010.  D&D alleges that Safetech has infringed and continues to infringe the '935 patent by making, using, selling, offering to sell, and/or importing into the United States at least the Safetech SH-110L and SH-110LS hinges ("the infringing products") in this District and elsewhere.

D&D asserts that it put Safetech on notice of the '935 patent by at least July 28, 2011, when D&D demanded that Safetech cease and desist from all infringement of the '935 patent.  D&D further asserts that on July 12, 2011, D&D notified Safetech regarding infringement of a related patent.  D&D seeks damages and injunctive relief.

Safetech asserts that it informed D&D, at least by August 2011, that it has not and does not make, use, offer for sale, or sell the patented invention, as described in U.S. Patent D614,935, within the United States.  Safetech further asserts that there is no evidence that Safetech has infringed or is currently infringing the '935 patent.  Safetech is willing to provide sufficient evidence during discovery, that it has never made, used or sold the accused products, SH-110L and SH-110LS hinges, in the United States.

### B.   Legal issues

The parties agree that the principal legal issues in dispute include:

- The meaning of the claim of the '935 patent;
- Whether the '935 patent is infringed;
- Whether the '935 patent is invalid;
- If the '935 patent is infringed and not invalid, the appropriate relief to which D&D is entitled;
- Whether any injunction(s) should issue;
- If the '935 patent is infringed and not invalid, whether such infringement was willful;
- If any infringement the '935 patent was willful, whether increased damages should be awarded;
- Whether any party is entitled to attorney's fees under 35 U.S.C. § 285 or costs.

Additional factual or legal issues may be presented as the case progresses.

**C.   Damages**

D&D requests all damages and other relief that is available according to proof, including but not limited to actual damages, including lost profits and price erosion, but in no case less than a reasonable royalty; pre-judgment interest and post-judgment interest at the maximum rate allowed by law; an accounting for damages; attorneys' fees; enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendant's infringement of the '935 patent; and costs of court.

D&D will obtain additional detail regarding the appropriate measure of damages through discovery.

**D.   Insurance**

D&D's claims do not implicate any of its insurance policies.

Safetech's claims do not implicate any of its insurance policies.

**E.   Motions**

Without prejudice to its rights to do so, neither party anticipates filing motions seeking to add other parties or transfer venue. Each party specifically reserves its right to file amended pleadings to correct defects and to account for facts that come to light during discovery.

The parties will brief the issue of claim construction, and may file dispositive motions on the issues of infringement and/or invalidity that turn on the proper construction of the claims.

**F.   Manual for Complex Litigation**

The parties agree that none of the procedures of the Manual for Complex Litigation should be utilized.

**G.   Status of Discovery**

The parties are exploring the potential for settlement and accordingly, neither party has begun discovery. The parties will complete their initial disclosures by November 28, 2011.

**H.   Discovery Plan**

   **1.   Discovery Limits**

Unless otherwise agreed among the parties or ordered by the Court, the default limitations on discovery under the Federal Rules of Civil Procedure and the case authority construing those rules shall apply. Notwithstanding this agreement, either party may seek leave of court to exceed such limits for good cause shown.

   **2.   Expert Discovery**

The parties agree that, consistent with the 2010 amendments to Fed. R. Civ. P. 26, communications with experts and drafts of expert reports are not discoverable. The parties further agree that materials relied upon by experts in forming opinions expressed in final expert reports shall be discoverable. An expert shall be made available for a deposition following service of an expert report.

### 3. Privilege Issues

The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of privilege or protection. The parties agree that the provisions of Fed. R. Civ. P. 26(b)(5)(B) shall govern the procedures for assertion of privilege on privileged documents inadvertently produced.

The parties agree that the following do not need to be included on any privilege log provided pursuant to Rule 26(b)(5): any communications and documents generated after the commencement of the litigation, if privileged or protected as work product. Notwithstanding the foregoing, the parties reserve the right to request information within the scope of Rule 26(b)(5)(A) regarding such communications and documents on a case-by-case basis.

### 4. Protective Order

The parties will submit to the Court a proposed Protective Order governing the production and use of confidential information to be produced.

### 5. Electronic Service

The parties consent in writing that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be deemed complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The parties agree that a document is deemed served on a particular day if sent by midnight Pacific time on that calendar day; otherwise it is deemed served on the next calendar day. The parties will meet and confer regarding service lists, but in the absence of any additional agreement, the parties will serve counsel of record who are deemed to have consented to electronic service.

### 6. Electronically Stored Information / Electronic Discovery

The parties agree to produce all documents electronically, and agree to discuss and seek agreement on protocols with respect to identification, review, and

production of electronically stored information.  Because the parties do not anticipate voluminous document production, electronically stored information shall be produced in an electronic format to be agreed upon by the parties (e.g., image PDF or TIFF files ).  Additionally, the parties agree to reasonably accommodate one another's requests for production of certain documents in native format, such as financial information in native Excel format, to facilitate use by each party and their experts.  The parties will meet and confer regarding the scope and logistics of document production.  The parties agree that this paragraph is not intended to alter the scope of discovery in this case.

### 7. N.D. Cal. Patent Local Rules and Claim Construction

The Court has indicated that "In patent cases, the Court intends generally to follow the process and timeline outlined in the rules for patent cases that have been adopted by the Northern District of California. See N.D. Cal. Loc. Pat. Rs. 3-1 to 4-7."  The parties have included proposed modifications to the obligations and deadlines established by those Patent Local Rules in the proposed schedule below.

D&D does not intend to rely upon live testimony for the Claim Construction Hearing but reserves the right to rely upon live testimony or expert testimony for any other matters addressed at the Claim Construction Hearing or in Claim Construction or contemporaneous briefing.  D&D believes that no technology tutorial is necessary, but will provide one if requested by the Court.

The parties anticipate that the Claim Construction Hearing will take no more than one (1) day.

### I. Discovery cut-off

As outlined in the proposed schedule below, after taking into account the obligations of the Northern District of California Patent Local Rules the proposed discovery cut-off date is October 31, 2012.

### J. Dispositive motions

D&D anticipates it will file a motion for summary judgment of infringement and may move for summary judgment of no invalidity as well.

Safetech anticipates it will file a motion for summary judgment of noninfringement and may also move for summary judgment of invalidity.

### K. Settlement

The parties are exploring the potential for a global settlement of patent infringement issues concerning the family of patents at issue here. Additionally, the parties agree to participate in a private or non-profit dispute resolution body for mediation-type settlement proceedings.

Pursuant to L.R. 16-15, the parties select to participate in Settlement Procedure No. 3, a non-judicial dispute resolution proceeding.

### L. Trial estimate

D&D anticipates calling approximately 5 witnesses to testify as to non-invalidity, infringement, damages, and willfulness.

Safetech anticipates calling 5 witnesses or less.

The parties anticipate that the trial will take four court days.

### M. Trial counsel

D&D currently anticipates that its trial counsel will be Robert Becker, Kathryn Bartow, and Ben Kleinman.

Safetech currently anticipates its trial counsel will be Enoch H. Liang and Edward S. Quon.

### N. Independent Expert or Master

The parties agree that an independent expert or master under Rule 53 is not necessary and should not be appointed in this matter.

### O. Other issues

Litigation concerning related patents is ongoing in Australia.

### P. Proposed Schedule

The proposed schedule below differs slightly from the Court's proposed schedule to the extent it adds the obligations of the Northern District of California Patent Local Rules. Additionally, in order to allow the parties to continue to explore the potential for a global settlement of patent infringement issues concerning the family of patents at issue here, the parties request to extend the deadline for Plaintiff's disclosure of asserted claims and infringement contentions and associated production by 42 days, from 14 days after the initial scheduling conference to 56 days after.

| Matter | | The Parties' Request |
|---|---|---|
| Complaint Served | August 8, 2011 | |
| Answer Filed | Sept. 19, 2011 | |
| Deadline for Initial Disclosures Pursuant to Rule 26(a)(1) | Nov. 28, 2011 | |
| Initial Scheduling Conference | Dec. 5, 2011 1:30 P.M. | |
| Parties to Submit Joint Proposed Protective Order | | Dec. 20, 2011 |
| D&D serves disclosure of asserted claims and infringement contentions and document production accompanying disclosure | | January 30, 2012 |
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | Scheduling Conference + 90 Days | March 5, 2012 (90 days after scheduling conference) |
| Safetech serves invalidity contentions and document production accompanying invalidity contentions | | March 15, 2012 (45 days from infringement contentions) |
| Exchange of proposed terms for construction | | March 29, 2012 (14 days from invalidity contentions) |
| Exchange of preliminary claim constructions | | April 19, 2012 (21 days from last exchange) |
| Joint claim construction prehearing statement | | May 14, 2012 (60 days from invalidity contentions) |
| Claim construction discovery | | June 13, 2012 (30 days from |

| **Matter** | | **The Parties' Request** |
|---|---|---|
| closes | | joint statement) |
| D&D files claim construction brief | | June 28, 2012 (45 days from joint statement) |
| Safetech files responsive brief | | July 12, 2012 (14 days) |
| D&D claim construction reply | | July 19, 2012 (7 days) |
| Claim Construction Hearing | | August 2, 2012 (2 weeks from reply) |
| Claim Construction Order | TBD | (estimated to be Aug 16, 2012) |
| Completion of Fact Discovery | | August 24, 2012 |
| N.D. Cal. Pat. L. Rule 3-7 disclosure of advice of counsel | | October 5, 2012 (50 days from claim construction order) |
| Disclosure of identities and reports of expert witnesses | | October 5, 2012 (50 days from claim construction order) |
| Rebuttal expert reports | | Oct. 26, 2012 (21 days after opening reports) |
| Completion of Expert Discovery; Discovery Cut Off | 15 weeks before trial | Nov. 23, 2012 (49 days after opening reports) |
| Last Day to Conduct Settlement Proceedings | 10 | Dec. 28, 2012 (5 weeks from above) |
| Last Day for Law and Motion Hearings **(Monday at 10:00 a.m.)** | 8 | Jan. 14, 2013 (2 weeks from above) |
| Final Pre-Trial Conference **(Monday at 1:30 p.m.)** | 2 | Feb. 18, 2013 (6 weeks from above) |
| Last Day for Filing Proposed Finding of Facts and Conclusions of Law (if court trial) | 1 | Feb. 25, 2013 (1 week from above) |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before trial | March 1, 2013 |
| Trial: Jury or Court **(Tuesday at 9:00 a.m.)** | | March 5, 2013 |

| | | |
|---|---|---|
| Dated: | November 21, 2011 | Manatt, Phelps & Phillips, LLP<br>Kathryn B. Bartow<br>Benjamin Kleinman |
| | | By: /s/ Robert D. Becker<br>    Robert D. Becker<br>    Attorneys for Plaintiff<br>    D & D TECHNOLOGIES (USA), INC. |
| Dated: | November 21, 2011 | Lee, Tran, & Liang, APLC<br>Enoch H. Liang<br>Edward S. Quon |
| | | By: /s/ Enoch H. Liang<br>    Enoch H. Liang<br>    Attorneys for Defendant<br>    SAFETECH HARDWARE INC., |

301003282.5